UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

NOV 26 2014

ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>CITY OF OCEAN SPRINGS, MS, )<br><br>Defendant. )<br>_____ ) | Civil Action No. 1:14cv430LG-RHW |

**CONSENT DECREE**

## I.   Background

A. This Consent Decree resolves a civil action brought by Plaintiff United States of America ("United States") against Defendant City of Ocean Springs, Mississippi ("City"), alleging that the City discriminated against Psycamore, LLC ("Psycamore"), an outpatient psychiatric treatment facility, in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12149, and its implementing regulation, 28 C.F.R. Part 35. The United States alleges that the City discriminated against Psycamore because of the actual and perceived mental impairments of the patients treated by Psycamore. The United States further alleges that the City denied Psycamore a certificate of occupancy and later a use permit based on discriminatory animus towards Psycamore and its patients with mental illness.

B. Plaintiff is the United States of America.

C. Defendant is the City of Ocean Springs, Mississippi, a municipal corporation. Defendant, including its respective departments, agencies, and other instrumentalities, is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35. The City's land use activities are carried out by its Mayor, Board of Aldermen, Planning Department, and Planning Commission.

1

Case 1:14-cv-00430-LG-RHW Document 2 Filed 11/26/14 Page 2 of 16

D. Psycamore, LLC, is a private mental health service provider for individuals with serious mental disorders and psychosocial impairments. Psycamore has offices in Flowood, Southaven, and Biloxi, Mississippi. Psycamore is licensed by the State of Mississippi Department of Mental Health as an "Acute Partial Hospitalization" program.[1] Psycamore's patients have mental impairments that substantially limit one or more major life activities, including brain function. Psycamore's patients were also regarded as having mental disabilities by the City and its residents at the time of the City's discrimination. As such, Psycamore's patients are individuals with disabilities or are regarded as individuals with disabilities within the meaning of the ADA, 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Psycamore and its patients are qualified to receive services and participate in programs or activities provided by the City. *See* 42 U.S.C. § 12131(2).

E. This Court has jurisdiction over this action under Title II of the ADA, 42 U.S.C. § 12133, and 28 U.S.C. §§ 1331 and 1345, because it involves claims arising under federal law. The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-2202.

F. As a result of ongoing discussions, the City and the United States (collectively, the "parties") have reached agreement that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

## II.  Injunctive Relief

A. The City will comply with Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35.

1. Pursuant to Title II of the ADA's prohibition on disability-based discrimination in all programs, services, and activities by the City, including zoning and land use decisions, the City will: (1) not provide different or separate aids, benefits, or services to individuals with disabilities; (2) not limit individuals with disabilities in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others; (3) not utilize criteria or methods

---

[1] For the purposes of this Consent Decree, the term "Acute Partial Hospitalization" is used as defined by the State of Mississippi Department of Mental Health, including any revisions or updates made to this definition during the duration of this Consent Decree.

of administration that have the effect of discriminating against individuals with disabilities; and (4) make reasonable modifications to its policies, practices, or procedures when necessary to avoid discrimination on the basis of disability. *See* 42 U.S.C. § 12132; 28 C.F.R. § 35.130.

2. Pursuant to Title II of the ADA, the City will not exclude or deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, encompassing entities that provide services to or are otherwise associated with individuals with disabilities, including health care providers and Psycamore. *See* 28 C.F.R. § 35.130(g); 28 C.F.R., pt. 35, App. A.

B. The City, along with its respective departments, agencies, and other instrumentalities, and all others in concert or participation with them, will not discriminate against individuals with disabilities, entities that serve individuals with disabilities, or individuals and entities associated with individuals with disabilities, and specifically will not:

1. deny equal services, programs, and activities to individuals with disabilities, and individuals and entities associated with them;

2. provide different benefits or services to individuals with disabilities, and individuals and entities associated with them;

3. limit individuals with disabilities, and individuals and entities associated with them, in enjoyment of any right, privilege, advantage, or opportunity enjoyed by others; or

4. utilize methods of administering its programs and services that have the effect of subjecting individuals with disabilities, and individuals and entities associated with them, to discrimination on the basis of disability.

C. Within thirty (30) days of the entry of this Consent Decree, the City will adopt, maintain, and enforce the non-discrimination policy attached hereto and incorporated by reference herein as Exhibit 1 to this Consent Decree. Within thirty (30) days of the effective date of this Consent Decree, the City will prominently display a copy of this non-discrimination statement in all its administrative offices, if any, as well as on the homepage of any current or future website. The City will notify the United States in writing when it has completed the actions described in this paragraph.

3

D. The City agrees to grant Psycamore a certificate of occupancy (and use permit if necessary) to operate an Acute Partial Hospitalization program, or other psychiatric treatment facility, in any C-3 or C-4 zoned district in the City, including the property at 1101 Iberville Drive in Ocean Springs, Mississippi ("Property"), as those zones are currently defined in the City's Zoning Ordinance, should Psycamore choose to apply for a certificate of occupancy or use permit in these districts in the City at any time during the duration of this Consent Decree.

E. The City will inspect and approve modifications or improvements to the Property at 1101 Iberville Drive that require City approval in the normal course of business and without undue conditions or delay, in accordance with all applicable building codes and legal requirements, and in accordance with engineering and construction standards generally applied to like properties in Ocean Springs, Mississippi. The City will not deny any modification or improvements to the Property for any reason that violates the ADA.

F. The City will not apply any changes to the present or future City Zoning Ordinance that would exclude any person or entity from operating an Acute Partial Hospitalization program, or other outpatient psychiatric treatment facility, in a C-3 or C-4 zone in the City; provided, however, that this paragraph may be amended by mutual written agreement of the parties for good cause shown and for a reason that would not discriminate on the basis of disability in violation of the ADA.

G. The City will not retaliate against Psycamore or otherwise interfere with Psycamore in its operation as an Acute Partial Hospitalization program, or other psychiatric treatment facility for persons with mental disabilities, in the City, in violation of 42 U.S.C. § 12203.

H. For the duration of this Consent Decree, for any land use request involving persons with disabilities or an entity associated with them that the City denies or grants with conditions, the City will make written findings specifying the basis for the denial or the conditions imposed. The City will provide the United States with copies of these written findings and all records in the proceeding at the same time as they are sent to the land use applicant. After receiving the notice or written findings, if the United States determines that additional information is necessary, the United States will make a request in writing to the City, and the City will provide the requested information to the United States within thirty (30) days of receipt of the request.

## IV. ADA Coordinator

A. Within ninety (90) days of the entry of this Consent Decree, the City will hire, name, or appoint an ADA Coordinator to carry out the day-to-day responsibility for

4

compliance with Title II of the ADA, its implementing regulation, and the provisions of this Consent Decree. The selection of the ADA Coordinator will be made in consultation with the United States and must be approved by the United States prior to making an offer of employment. The ADA Coordinator will be employed by the City, be experienced in zoning laws, and be knowledgeable about or receive training on the City's obligations under Title II of the ADA and its implementing regulation, including as they relate to zoning ordinances and practices. The City will notify the United States in writing when it has completed the actions described in this paragraph.

B. The ADA Coordinator will serve as a liaison between the Planning Department, the Mayor, the Board of Aldermen, and the Planning Commission, and will be a resource to these individuals on ADA issues. The ADA Coordinator will also participate in reviewing and revising any of the City's policies relating to the ADA and the City's Zoning Ordinance after entry of this Consent Decree.

C. The ADA Coordinator will be responsible for handling all complaints from individuals with disabilities, including individuals with mental impairments, and individuals or entities associated with them reported to the City in accordance with the policies and procedures set forth in Section VI below.

D. The name, address, and telephone number of the ADA Coordinator will be posted prominently on the homepage of the City's website, currently located at http://ci.ocean-springs.ms.us/.

## V.    Education and Training

A. Mayor. Within thirty (30) days of the entry of this Consent Decree, the City will provide a copy of this Consent Decree to the Mayor. For the duration of this Consent Decree, within thirty (30) days after the date the City elects a new Mayor, he or she will be given a copy of this Consent Decree.

B. Planning Commission, Board of Aldermen, and Planning Department. Within thirty (30) days of the entry of this Consent Decree, the City will provide a copy of this Consent Decree to each member of the Planning Commission and Board of Aldermen and each management-level employee of the Planning Department. For the duration of this Consent Decree, within thirty (30) days of appointment of a new member of the Planning Commission or election of a new member to the Board of Aldermen, or hire of a new management-level employee of the Planning Department, each new member or employee will be given a copy of this Consent Decree.

5

C.  Training.  Within one hundred and twenty (120) days of the entry of this Consent
    Decree, the Mayor and each member of the Planning Commission, Board of
    Aldermen, and Planning Department will attend in-person training on the
    requirements of the ADA and the rights of individuals with disabilities, including the
    affirmative obligation of public entities to provide equal services, programs, and
    activities to entities that serve individuals with disabilities and to ensure that the
    City's zoning decisions do not discriminate against individuals with disabilities and
    entities associated with them.  The training curriculum and the persons or
    organizations who will conduct the training will be selected by the City after the City
    seeks and receives the approval of the United States for the curriculum and trainers.

D.  New Personnel Training.  For the duration of this Consent Decree, within three (3)
    months of appointment of a new member of the Planning Commission, election of a
    new member of the Board of Aldermen or Mayor, or hire of a new employee of the
    Planning Department, each new appointee, electee, or hire will receive the
    aforementioned in-person training on the requirements of the ADA.

E.  Training Certification. The City will obtain from the trainer certifications of
    attendance executed by all attendees confirming their attendance at all of the trainings
    conducted pursuant to Paragraphs V.C or V.D above.  These certifications will be
    forwarded to the United States within thirty (30) days of the completion of each
    training.  In addition, the City will maintain, for the duration of this Consent Decree,
    records showing the dates and hours of trainings and names of instructors for all
    trainings conducted pursuant to Paragraphs V.C and V.D above.  These records will
    be forwarded to the United States within ten (10) days of any request for them.

F.  Curriculum Approval.  All training materials will be subject to review and approval
    by the United States prior to use in the trainings required in Paragraphs V.C and V.D
    above.  The City will send via electronic mail the proposed curricula and any
    materials for the trainings, as well as the names and contact information of the
    individuals who will conduct the trainings, to the attorneys for the United States no
    later than thirty (30) days before the trainings occur.  The City will adopt any changes
    to the curricula and materials made by the United States. The United States will have
    the authority to approve or reject the trainers that the City has selected.

## VI.  Complaint Procedure

A.  The City will establish and maintain a cost-free means, including both email and a
    toll-free number (and accompanying TTY text telephone number) to accommodate
    incoming complaints and comments from citizens with disabilities who reside in
    Ocean Springs, Mississippi, and persons or entities associated with them.

6

B. The email address, telephone numbers, and hours of operation will be prominently
   posted on the homepage of the City's website, currently located at http://ci.ocean-
   springs.ms.us/, and printed on all pamphlets and other print materials published by
   the City, to include the water and sewer bills issued by the City.

## VII. Monetary Relief

A. The City will pay Psycamore $437,500.00 in monetary damages. Payment of this
   sum will be sent to counsel for the United States as follows: 1) the City will pay
   $150,000.00 within seven (7) days of the entry of this Consent Decree and being
   notified by the United States that the United States has received an executed copy of
   the Release Agreement from Psycamore attached hereto as Exhibit 2; and 2) the City
   will pay the remaining $287,500.00 within six (6) weeks of the entry of this Consent
   Decree provided that the executed copy of the Release Agreement from Psycamore
   has been received by the United States. Payment will be made by the City by
   certified checks made payable to "Psycamore, LLC."

B. Psycamore will have thirty (30) days after the entry of this Consent Decree to execute
   a copy of the Release Agreement and postmark or deliver it to counsel for the United
   States. If Psycamore does not return an executed Release Agreement, the City will
   not be required to pay Psycamore any monetary damages under this Consent Decree,
   and this Consent Decree will not limit or have any effect on the legal rights of
   Psycamore.

## VIII. Implementation and Enforcement

A. The United States may review the City's compliance with this Consent Decree or the
   ADA at any time. If the United States believes that the ADA, this Consent Decree, or
   any portion of it has been violated, it may institute a civil action in the appropriate
   U.S. District Court to enforce this Consent Decree or the ADA.

B. Failure by the United States to enforce any provision or deadline of this Consent
   Decree will not be construed as a waiver of its right to enforce other provisions or
   deadlines of this Consent Decree.

C. This Consent Decree will remain in effect for five (5) years from the entry of this
   Consent Decree, unless otherwise extended by order of the Court, and binds the City
   and any current and future City officials, including, but not limited to, the Mayor,
   Board of Aldermen, and Planning Commission, to its terms for the life of this
   Consent Decree. The United States' Complaint will be dismissed with prejudice,
   except that the United States may petition the Court at any time during the duration of
   this Consent Decree to reopen the case for the purpose of enforcing the Consent

Decree and the Court will retain jurisdiction to enforce this Consent Decree. This Consent Decree may be extended by motion of the United States to the Court, for good cause.

D. This Consent Decree constitutes the entire agreement between the parties relating to *United States v. City of Ocean Springs*, No. 1:14cv430LG-RHW, and Department of Justice No. 204-41-157, and no other prior or contemporaneous statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this Consent Decree, including its attachments, will be enforceable. Any timelines for performance fixed by this Consent Decree may be extended by mutual written agreement of the parties. Other modifications to this Consent Decree may be made only by order of the Court, upon motion by either party.

E. This Consent Decree does not constitute a finding by the United States that the City is in full compliance with the ADA. This Consent Decree does not purport to remedy any other potential violations of the ADA or any other federal law. This Consent Decree does not affect the City's continuing responsibility to fully comply with all aspects of the ADA.

F. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree will remain in full force and effect, provided, however, that if the severance of any provision materially alters the rights or obligations of the parties, the parties will engage in good faith negotiations in order to adopt mutually agreeable amendments to this Consent Decree as may be necessary to restore the parties as closely as possible to the initially agreed upon relative rights and obligations.

G. All notices, demands, or other communications to be provided pursuant to this Consent Decree will be in writing and delivered by e-mail or overnight mail to the following persons and addresses (or other persons and addresses as any party may designate in writing from time to time):

For the United States of America:
Rebecca B. Bond, Chief
ATTN: U.S. v. City of Ocean Springs, MS – DJ # 204-41-157
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
1425 New York Avenue, NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 307-0663
Megan.Schuller@usdoj.gov
Felicia.Sadler@usdoj.gov

8

For the City:

Robert W. Wilkinson
Amy Lassitter St. Pe'
Dogan & Wilkinson, PLLC
914 Washington Avenue
Ocean Springs, MS 39564
Telephone: (228) 762-2272
RWilkinson@dwwattorneys.com
astpe@dwwattorneys.com

For Psycamore:

William Lee Guice III
Rushing & Guice, PLLC
1000 Government Street, Suite E
Ocean Springs, MS 39564
Telephone: (228) 374-2313
bguice@rushingguice.com

H. The signatory for the City represents that he or she is authorized to bind the City to this Consent Decree.

I. Upon entry, this Consent Decree is binding on the City, its agents and employees, successors and assigns.

J. The parties agree that as of the entry of this Consent Decree litigation is not reasonably foreseeable concerning the matters described in this Consent Decree. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in this Consent Decree, the party is no longer required to maintain the litigation hold.

K. Each party to this Consent Decree will bear its own costs and attorneys' fees associated with this litigation.

9

By their signatures below, the parties respectfully consent to the entry of this Consent Decree.

## FOR THE UNITED STATES OF AMERICA:

GREGORY K. DAVIS
United States Attorney
Southern District of Mississippi

VANITA GUPTA
Acting Assistant Attorney General
Civil Rights Division

EVE L. HILL
Deputy Assistant Attorney General
Civil Rights Division

REBECCA B. BOND
Section Chief
SHEILA M. FORAN
Special Legal Counsel
KEVIN J. KIJEWSKI
Deputy Chief
Disability Rights Section
Civil Rights Division

MITZI DEASE PAIGE, MSB 6014
Chief, Civil Division
Assistant United States Attorney
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
Telephone: (601) 973-2840
Facsimile: (601) 965-4409
Mitzi.Paige@usdoj.gov

November 21, 2014
Date

MEGAN E. SCHULLER
FELICIA L. SADLER
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. – NYA
Washington, D.C. 20530
Telephone: (202) 307-0663
Facsimile: (202) 305-9775
Megan.Schuller@usdoj.gov
Felicia.Sadler@usdoj.gov

Nov. 24, 2014
Date

10

**FOR THE CITY OF OCEAN SPRINGS, MISSISSIPPI:**

*Connie Moran*

Mayor Connie Moran
City of Ocean Springs
1018 Porter Avenue
Ocean Springs, MS 39564

Mr. Robert W. Wilkinson
Dogan & Wilkinson, PLLC
914 Washington Avenue
Ocean Springs, MS 39564

$\underline{11-24-2014}$
Date

11

**ORDER**

IT IS SO ORDERED this 26 _TH_ day of _NOVEMBER_ , 2014.

_____

UNITED STATES DISTRICT COURT JUDGE

12

# EXHIBIT 1

## NON-DISCRIMINATION STATEMENT
## PROHIBITION OF DISCRIMINATION ON THE BASIS OF DISABILITY

The City, along with its respective departments, agencies, and other instrumentalities, will not discriminate on the basis of disability in any of the City's programs, services, or activities, including zoning and land use decisions. Accordingly, the City, in providing any aid, benefit, or service, will not, directly or through contracting, licensing, or other arrangements:

(i)     Engage in discriminatory policies and practices against individuals with disabilities, entities that serve individuals with disabilities, or individuals and entities associated with them;

(ii)    Deny equal benefits or services to individuals with disabilities, and individuals and entities associated with them, on the basis of disability;

(iii)   Provide different benefits or services to individuals with disabilities, and individuals and entities associated with them, than is provided to others, unless such action is necessary to provide benefits or services that are as effective as those provided to others;

(iv)    Limit individuals with disabilities, and individuals and entities associated with them, in enjoyment of any right, privilege, advantage, or opportunity enjoyed by others; or

(v)     Utilize methods of administering its programs and services that have the effect of subjecting individuals with disabilities, and individuals and entities associated with them, to discrimination on the basis of disability.

In addition, the City will make reasonable modifications in its policies, practices, or procedures when necessary to avoid discrimination on the basis of disability, unless the City can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

The City will administer services, programs, and activities in the most integrated setting appropriate to the needs of individuals with disabilities. The City will not, in determining the site or location of a facility, make selections—

(i)     That have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination; or

(ii)    That have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the service, program, or activity with respect to individuals with disabilities.

And the City will not place a surcharge on a particular individual with a disability, any group of individuals with disabilities, or any persons or entities associated with them to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual, group, or entity with the nondiscriminatory treatment required.

# EXHIBIT 2

## RELEASE OF CLAIMS

For and in consideration of the relief offered to Psycamore, LLC ("Psycamore") by the City of Ocean Springs, Mississippi ("City"), and pursuant to the Consent Decree between the United States of America and the City arising out of Department of Justice Investigation No. 204-41-157 ("Consent Decree"):

I, _____, on behalf of Psycamore, its heirs, assigns, agents, representatives, attorneys, and successors in interest, hereby release and forever discharge the City and its current, past, and future officials, employees, and agents, of and from any legal or equitable claims under the Americans with Disabilities Act ("ADA") that Psycamore has asserted or could have asserted up until the date of this Release arising out of the facts identified in the Consent Decree related to Department of Justice Investigation No. 204-41-157.

This Release will be considered null and void in the event that the City fails to pay the remedial relief to Psycamore provided for in Section VII of the Consent Decree and pursuant to the timeframes and procedure set out therein.

I also acknowledge that a copy of the Consent Decree between the United States and the City has been made available to me. By signing this Release, I acknowledge that I have been provided the opportunity to review the Consent Decree with an attorney of my choosing.

I have read this Release and understand its contents. I execute this Release of my own free act and deed. I acknowledge that I am of legal age. By signing below, I represent that I am authorized to bind Psycamore to this Release.

**FOR PSYCAMORE, LLC:**

Date:_____

_____
Signature

16